IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | |
|---|---|
| **LARRY JOHNSON**,<br><br>        Plaintiff<br><br>        v.<br><br>**GUARDIAN MANAGEMENT and UPTOWN TOWERS**,<br><br>        Defendants. | Case No. 3:19-cv-485-SI<br><br>**OPINION AND ORDER** |

Paul W. Conable and Sadie Y. Concepción, TONKON TORP LLP, 888 SW Fifth Avenue, Suite 1600, Portland, OR 97204. Of Attorneys for Plaintiff.

Christopher J. Drotzmann and Sean Douglas McKean, DAVIS ROTHWELL EARLE & XÓCHIHUA PC, 200 SW Market Street, Suite 1800, Portland, OR 97204. Of Attorneys for Defendants.

**Michael H. Simon, District Judge.**

      Plaintiff Larry Johnson, who is disabled, brought this lawsuit against Defendants, Guardian Management and Uptown Towers, who provide and manage Section 8 low-income housing. Plaintiff alleged that Defendants unlawfully discriminated against Plaintiff in violation of the Fair Housing Act (FHA), 42 U.S.C. § 3604(f), as amended by the Fair Housing Amendments Act of 1988 (FHAA). After a bench trial, the Court issued Findings of Fact and

Conclusions of Law. ECF 82. The Court found that Plaintiff's wife, Rowena Perpiñan Johnson (Mrs. Johnson), meets the requirements of a "live-in aide" under 24 C.F.R. § 5.403. The Court also found that Defendants had *not* discriminated against Plaintiff based on his disability because Defendants had not refused Plaintiff's requested accommodation or raised his rent. ECF 82 at 11-12. Now before the Court are both parties' cross-motions for prevailing party attorney's fees.

## STANDARDS

The relief that may be granted in an FHA action is stated in 42 U.S.C. § 3613(c)(2), which provides in part: "In a civil action under subsection (a), the court, in its discretion, may allow the prevailing party, other than the United States, a reasonable attorney's fee and costs." Subsection (a) of the statute provides in part:

> An aggrieved person may commence a civil action in an appropriate United States district court or State court not later than 2 years after the occurrence or the termination of *an alleged discriminatory housing practice* . . . to obtain appropriate relief with respect *to such discriminatory housing practice*[.]

42 U.S.C. § 3613(a)(1)(A) (emphases added). A prevailing plaintiff "should ordinarily recover an attorney's fee unless special circumstances would render such an award unjust." *Northcross v. Bd. of Ed. of Memphis City Sch.*, 412 U.S. 427, 428 (1973).

When the prevailing party in an FHA action is the defendant, rather than the plaintiff, there is a higher bar for awarding fees. In the context of reviewing a claim alleging a civil rights violation under Title VII of the Civil Rights Act of 1964, the U.S. Supreme Court explained the limited circumstances in which a court may grant attorney's fees to a prevailing defendant in such cases:

> In sum, a district court may in its discretion award attorney's fees to a prevailing defendant in a Title VII case upon a finding that the

> plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith.
>
> In applying these criteria, it is important that a district court resist the understandable temptation to engage in post hoc reasoning by concluding that, because a plaintiff did not ultimately prevail, his action must have been unreasonable or without foundation. This kind of hindsight logic could discourage all but the most airtight claims, for seldom can a prospective plaintiff be sure of ultimate success. No matter how honest one's belief that he has been the victim of discrimination, no matter how meritorious one's claim may appear at the outset, the course of litigation is rarely predictable. Decisive facts may not emerge until discovery or trial. The law may change or clarify in the midst of litigation. Even when the law or the facts appear questionable or unfavorable at the outset, a party may have an entirely reasonable ground for bringing suit.
>
> That § 706(k) allows fee awards only to prevailing private plaintiffs should assure that this statutory provision will not in itself operate as an incentive to the bringing of claims that have little chance of success. To take the further step of assessing attorney's fees against plaintiffs simply because they do not finally prevail would substantially add to the risks inhering in most litigation and would undercut the efforts of Congress to promote the vigorous enforcement of the provisions of Title VII. Hence, a plaintiff should not be assessed his opponent's attorney's fees unless a court finds that his claim was frivolous, unreasonable, or groundless, or that the plaintiff continued to litigate after it clearly became so. And, needless to say, if a plaintiff is found to have brought or continued such a claim in bad faith, there will be an even stronger basis for charging him with the attorney's fees incurred by the defense.

*Christiansburg Garment Co. v. Equal Employment Opportunity Comm'n*, 434 U.S. 412, 421-22, (1978).

The Ninth Circuit has held that the *Christiansburg* standard for considering attorney's fees for a prevailing defendant also applies to cases brought under the FHA. *Green v. Mercy Hous., Inc.*, 991 F.3d 1056, 1058 (9th Cir. 2021) ("[A]ssessing fees against non-prevailing plaintiffs would undercut the efforts of Congress to promote the vigorous enforcement of civil rights actions. Those efforts are not served when the chilling effect upon civil rights plaintiffs

PAGE 3 – OPINION AND ORDER

would be disproportionate to any protection defendants might receive against the prosecution of meritless claims."). The same standard also applies to a request for costs under the FHA. *Id.* at 1057 (citing *Brown v. Lucky Stores, Inc.*, 246 F.3d 1182, 1190 (9th Cir. 2001)).

## BACKGROUND

Plaintiff brought this lawsuit against Defendants, asserting a claim under the FHA. Plaintiff alleged that Defendants discriminated against Plaintiff when Defendants denied what Plaintiff contends was a request for reasonable accommodation of his disability. Plaintiff alleges that he was entitled to have a "live-in aide" without there being any effect on his subsidized rent as an accommodation for his disability. The income of a live-in aide generally is excluded from the annual income that Defendants are required to report to the U.S. Department of Housing and Urban Development (HUD) to calculate a tenant's Section 8 housing subsidy. Plaintiff alleges that Defendants refused Plaintiff's requested accommodation that his wife, Mrs. Johnson, be considered as a live-in aide so that her income would be excluded from Plaintiff's income for purposes of calculating Plaintiff's housing subsidy and, thus, the amount of rent he would be required to pay.

After a bench trial, the Court found that Mrs. Johnson meets the requirements of a live-in aide under 24 C.F.R. § 5.403. ECF 82 at 11. The Court also found that "[a]n accommodation for Mrs. Johnson to be considered Mr. Johnson's live-in aide is necessary to afford [Plaintiff] an equal opportunity to use and enjoy the unit, pursuant to 42 U.S.C. § 3604(f)." *Id.* at 12. The Court also concluded, however, that "[b]ecause Defendants have not raised Mr. Johnson's rent or required him to leave, they have not refused Mr. Johnson's requested accommodation, as required to sustain a discrimination claim." *Id.* The Court entered a judgment, declaring that Mrs. Johnson "meets the requirements of a 'live-in aide' under the terms of the Fair Housing Act, and specifically 24 C.F.R. § 5.403" and also concluding that, "[o]n Plaintiff's claim for

PAGE 4 – OPINION AND ORDER

damages, the Court finds that Defendants did not discriminate against Plaintiff based on Plaintiff's disability, as prohibited by 42 U.S.C. § 3604(f)." ECF 89 at 1-2.

## DISCUSSION

Both Plaintiff and Defendants move for attorney's fees. Defendants argue that they are the prevailing party, and thus are entitled to attorney's fees, because the Court's judgment did not change the material relationship between the parties and because Defendants successfully defeated Plaintiff's discrimination claim. Defendants further claim that they are entitled to an award of reasonable attorney's fees and costs because Plaintiff's claim was frivolous, unreasonable, or without foundation. In Plaintiff's motion, he argues that he is the prevailing party because he has been afforded *some* relief by the Court in the form of a declaration. Plaintiff further argues that fee awards to defendants in civil rights claims are disfavored and that his action was not frivolous, unreasonable, or without foundation.

Neither Plaintiff nor Defendants achieved complete success in this case such that the identity of the "prevailing party" is clear. Although Plaintiff obtained declaratory relief, he lost on his discrimination claim. Defendants argue that Plaintiff, therefore, is not the "prevailing party" within the meaning of the FHA because he did not prevail on his underlying discrimination claim. Based on this argument, Defendants request their attorney's fees.

As described above, however, in civil rights cases—including those brought under the FHA—a court may only award attorney's fees to a prevailing defendant "upon a finding that the plaintiff's action was frivolous, unreasonable, or without foundation, even though not brought in subjective bad faith." *Christiansburg*, 434 U.S. at 421. The Court in *Christiansburg* emphasized that a plaintiffs' claim is not frivolous merely because the plaintiff did not prevail. *Id.* at 421-22 (distinguishing between actions that are "meritless," "as meaning groundless or without foundation, rather than simply that the plaintiff has ultimately lost his case"); *see also Park, ex*

*rel. Park v. Anaheim Union High Sch. Dist.*, 464 F.3d 1025, 1035 (9th Cir. 2006) ("That [the plaintiffs] failed to prevail on all of their claims does not preclude a determination that they were the prevailing party."). In evaluating whether to award fees to a prevailing defendant under the *Christiansburg* standard, the Ninth Circuit has noted that "denials of motions to dismiss and summary judgment may suggest that a plaintiff's claims are not without merit." *Sanchez v. City of Santa Ana*, 936 F.2d 1027, 1041 (9th Cir. 1990), *as amended on denial of reh'g* (Feb. 27, 1991), *as amended on denial of reh'g* (May 24, 1991). Here, not only did this Court deny Defendant's motion for summary judgment, *see* ECF 48, but Plaintiff obtained declaratory relief in his favor. Defendants cite no cases to support their contention that a court may find frivolous one of a plaintiff's claims when the court nevertheless affords the plaintiff declaratory relief. Further, even if Defendants here could be considered as the "prevailing parties" on a portion of the underlying claims here, they have not demonstrated that Plaintiff's lawsuit—in which he partially prevailed—was so unreasonable as to warrant fees for Defendants. Thus, the Court denies Defendants' motion for attorney's fees.

With respect to Plaintiff's motion for attorney's fees, the Court reiterates that the FHA expressly provides that "the court, in its discretion, may allow the prevailing party . . . a reasonable attorney's fee and costs," 42 U.S.C. § 3613(c)(2), in an action relating to "an alleged discriminatory housing practice" that seeks "to obtain appropriate relief with respect *to such discriminatory housing practice*," 42 U.S.C. § 3613(a)(1)(A) (emphasis added). Plaintiff here alleged that Defendants unlawfully discriminated against Plaintiff in violation of the FHA by refusing to consider Plaintiff's wife, Mrs. Johnson, as a "live-in aide" under 24 C.F.R. § 5.403. The Court ultimately held that, although Mrs. Johnson does, in fact, meet the requirements of a "live-in aide" under the applicable regulations, Defendants did *not* discriminate against Plaintiff,

because Defendants had not raised Plaintiff's rent (or reduced Plaintiff's subsidy). ECF 82 at 12. The Court issued a judgment to that effect, declaring that Mrs. Johnson met the requirements of a live-in aide but also that Defendants had not discriminated against Plaintiff based on his disability. ECF 89.

In considering Plaintiff's motion, the Court must determine whether a plaintiff who has failed to prove that a discriminatory practice occurred still can be considered a "prevailing party" under the statutory scheme. The Court has found no case on point, and Plaintiff has failed to identify one.

If the Court had found that Defendants discriminated against Plaintiff, an award of attorney's fees would be appropriate under the FHA's shifting fee provision. Here, however, the Court expressly found that Defendants did *not* discriminate against Plaintiffs. Several cases discuss the opposite scenario—where a plaintiff technically prevails on the merits of a discrimination claim but receives only nominal damages of one dollar. *See, e.g.*, *Farrar v. Hobby*, 506 U.S. 103 (1992); *see also Benton v. Oregon Student Assistance Com'n*, 421 F.3d 901 (9th Cir. 2005). In that situation, the U.S. Supreme Court has held that although the "'technical' nature of a nominal damages award . . . does not affect the prevailing party inquiry, it does bear on the propriety of fees awarded" under the applicable statute. *Farrar*, 506 U.S. at 114. Essentially, a plaintiff who obtains only nominal damages is, for purposes of the fee statute, a "prevailing party," but the merely technical nature of the award requires that a court examine more closely the nature of the relief when determining an appropriate *amount* of fees. Here, the opposite is true. Plaintiff did not prevail under the statute—which provides for fees when *discrimination* has been proven—because Plaintiff did not prove that Defendants discriminated against him, but Plaintiff still obtained declaratory relief in his favor.

PAGE 7 – OPINION AND ORDER

In the Court's view, the proper inquiry still is to ask whether Plaintiff is the prevailing party for purposes of the FHA, not whether Plaintiff prevailed in his objectives more generally. Because Plaintiff did not "prevail" on his discrimination claim, he should not be deemed to be a "prevailing party" within the literal meaning of the FHA. Viewed another way, if Plaintiff had brought *only* a claim seeking declaratory relief—requesting that the Court declare that his wife meets the requirements of a "live-in aide" under the applicable regulations—he would have no claim of entitlement to attorney's fees because no statute provides for fees for prevailing in such a lawsuit. *See Buckhannon Bd. and Care Home, Inc. v. West Virginia Dept. of Health and Human Resources*, 532 U.S. 598, 602 (2001) ("Under th[e] 'American Rule,' we follow a general practice of not awarding fees to a prevailing party absent explicit statutory authority." (simplified)). Neither the FHA nor any other statutory scheme provides for an award of attorney's fees for the type of declaratory award given to Plaintiff. Thus, Plaintiff is not entitled to recover his attorney's fees from Defendants.

## CONCLUSION

The Court DENIES both Defendants' Motion for Attorney's Fees (ECF 90) and Plaintiff's Motion for Attorney's Fees (ECF 93).

**IT IS SO ORDERED**.

DATED this 16th day of May, 2022.

/s/ *Michael H. Simon*
Michael H. Simon
United States District Judge